UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. BASKIN,

    Plaintiff,

v.                                                                              Case No. 3:21cv705-MCR-HTC

C. SHAULIS,

    Defendant.

_____/

## AMENDED REPORT AND RECOMMENDATION

On June 10, 2021, the undersigned recommended this action be dismissed for Plaintiff's failure to prosecute and follow orders of this Court, based on, *inter alia*, Plaintiff's failure to respond to this Court's show cause order (ECF Doc. 6) requiring him to file a motion to proceed *in forma pauperis* or pay the full filing fee *and* file an amended complaint on this Court's forms.  ECF Doc. 7.  Before the report was issued and unbeknownst to the Court, Plaintiff delivered a Reply to the show cause order to prison mail officials. The Reply was not received or docketed by the clerk until June 11, 2021.[1]  ECF Doc. 8.

---

[1] Plaintiff filed an identical reply in *Baskin v. Gutyon*, 3:21cv601MCR, and the undersigned has recommended dismissal on the same grounds.

Although the Reply comes *after* the Court's June 3, 2021 deadline, the Court nonetheless will consider it, but even when doing so, the Court still recommends this case be DISMISSED for Plaintiff's failure to prosecute and comply with Court orders. Thus, the undersigned issues this amended report and recommendation to address the Reply.

In Plaintiff's belated Reply, he asserts prison officials are "intentionally interfer[ing]" with his "access to the Courts" and seeks to "proceed this case pursuant to sovereignty under Fla. Const. Art. 1. Section 12." ECF Doc. 8 at 1. Although Plaintiff references grievances being filed, he attaches none to the Reply.

Plaintiff's Reply is not the first time Plaintiff has lodged unsubstantiated allegations against prison officials for his failure to comply with this Court's orders. On April 21, 2021, the clerk docketed nineteen (19) cases Plaintiff filed in this District. On May 5, 2021, the clerk also docketed in several of those cases a motion titled "Motion to Access Courts Without Sale, Denial or Delay." *See, e.g.*, *Baskin v. Leavins*, 3:21cv698-MCR, ECF Docs. 4, 5. In that "motion," Plaintiff alleged that he was unable to request and receive from the classification officer a complete financial certificate and printout of his inmate account statement and that the officer was "retaliating and intentionally obstructing justice in the existence of depriving [him] of necessary documents to proceed in forma pauperis." *Id*.

The undersigned denied the motion in each of Plaintiff's cases that was assigned to the undersigned, and in doing so, specifically advised Plaintiff that he had not provided any evidence he had exhausted the issue raised with the institution or the Florida Department of Corrections, and further that the Court's rules require Plaintiff to file a motion to proceed *in forma pauperis* "simultaneously" with the complaint. *See id.*, ECF Doc. 6; N.D. Fla. Loc. R. 5.3. Despite having been told that he needs to provide evidence of any interference by prison officials and that he has an obligation to seek indigency status at the time of filing the complaint, Plaintiff nonetheless insists on being able to proceed without paying the fee or filing an *in forma pauperis* motion.

Although it is not atypical for the Court to allow a plaintiff to submit a completed application to proceed *in forma pauperis* after a complaint is filed, there is no indication in this case that Plaintiff intends to comply with his obligation or that he can or will provide proof to the Court of why he cannot comply with this obligation. The Court notes, in particular, that since April 21, 2021, Plaintiff has filed at least twenty-three (23) cases in this District. Aside from just one case, *Baskin v. Guyton*, 321cv601-MCR-HTC, where Plaintiff filed an incomplete *in forma pauperis* motion, Plaintiff did not file a motion to proceed *in forma pauperis* or pay the filing fee at the time of filing in any of his twenty-three (23) cases and still has not to date.

Case No. 3:21cv705-MCR-HTC

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, as noted in the undersigned's prior Report and Recommendation, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. The Report and Recommendation at ECF Doc. 7 be VACATED in favor of this Amended Report and Recommendation.

Case 3:21-cv-00705-MCR-HTC   Document 9   Filed 06/21/21   Page 5 of 5

Page 5 of 5

2. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and comply with Court orders.

3. The clerk be directed to close the file.

Done at Pensacola, Florida, this 21st day of June, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**